Good morning, Your Honors. My name is Jeremy Gordon, and may it please the Court, I represent the appellate in this matter, Gabriel Salcedo. I'm asking this Court for two minutes for rebuttal at the end of this portion. And before I address the legal issue of whether Salcedo could have cut off the government's ability to file the 851 Enhancement Notice, which is something that we talked about in the cases that were submitted last week, I'd ask the Court to note that this Court actually does not need to resolve that legal issue in order to grant Mr. Salcedo relief. And that is because the District Court in its rulings at the end of the hearing, at the District Court level, found that it was not clear whether or not the government would have filed one 851 Notice, two 851 Notices, or no 851 Notices at all, if it had have known that Salcedo had intended to plead open. That's in the record, D.E. 194, at page 137. And that means that inherent in the granting of the Certificate of Appealability is the question of, would Mr. Salcedo have plead open if no 851 had been filed at all? Otherwise, there would have been no reason for the Court to indicate that the Court granted the Certificate of Appealability on the issue of whether or not Mr. Salcedo would have been able to beat the prosecutors to the courthouse. But if there was no, if the Court found it absolutely positively true that Mr. Salcedo never would have pled guilty at all, then there would be no reason for us to be here. Our position is that Mr. Salcedo would have pled guilty and he would have pled open if there were no 851s that were filed in the matter, and that his counsel should have told him that he could plead guilty at the time before the 851s were filed. The 851 motion was filed several days before the trial, and there were several arraignment hearings that happened before that. And our argument is that counsel should have told Mr. Salcedo that he would have had the opportunity in order to walk into court and say, I plead guilty, and thereby cut off the prosecutors from filing any 851 motions. Counsel, let me ask you this. At what point, after a defendant offers to enter a plea, is a district court required to conduct a plea colloquy? And what authority would support your answer? Your Honor, our opinion and our position is that at the time Mr. Salcedo walks in and says that he pleads guilty, that it would be that time right then for the court to engage in that plea colloquy. And our authority on that was based on our brief in Rule 11B and 11C in Vasiquez Ramirez that indicates that when a person submits a plea of as being entered with the court at the same time that the person... First of all, you can't just waltz into court and enter a plea of guilty without some notice, right? That is... That's not what happened in the Kenton case. Well, I mean, how do you get in? I mean, how do you get the judge, the defendant in or out of custody, and the prosecutor and defense attorney all to show up? There's notice that there's going to be some entry, right? Or if you're in a proceeding, you're there already, right? Yes, Your Honor. There's... Yes, Your Honor. And in this particular case, there were several arraignment dates and there were several court dates before the person pled guilty. Well, I'm sorry, before the... No, that's not the point. The point is on the day you show up to plead guilty, there's obviously some notice that there's going to be a proceeding, right? In many... Yes, Your Honor. Okay. Because the court has to accept it, doesn't the court? Yes, Your Honor, the court does accept it. But there has to be a proceeding. There has to be some proceeding, a notice. So now you're there, and the question then becomes, if you look at it as a chronology in time, if there's going to be an entry of a guilty plea, the prosecutor has an opportunity, presumably before the date of the hearing, which has to be in person, to file the 851, correct? That's one option. That's one option, yes. Another option is you show up for the guilty plea, the defendant makes his guilty plea. The judge hasn't done anything yet in terms of whether it's being accepted, but the prosecutor says, oh, stop, 851, I'm going to file these pieces of paper now. So that also is an option, or is it your view that that would not be permitted? Your Honor, it's our position that because of what 851 is, and because of the strict standards of 851, it should not be an option for the prosecutor to say, I have an 851 motion right here that I'd like to file when Mr. Salcedo . . . So if the judge says, okay, I hear you, I don't know even if Mr. Salcedo had knowledge of this, maybe he did in some cases, there's a heads up in discussions or whatever, but I don't know if he had knowledge, so I'm adjourning this hearing to give him notice, to give him sufficient time, would that be acceptable under the rules as you understand them? As the rules, as I understand them, and the cases that were submitted to us indicate that Mr. Salcedo . . . that the prosecutor would have been able to file something in that time, but in addition to that, there's the question of would the prosecutor have done that? In this situation, the prosecutor said in the hearing, said several things and the court found that they did not know. The court found that the answer was that they did not know as to what would happen if Mr. Salcedo had walked into court and pled guilty and then looked at the prosecutor to say, what do you want to do? Well, your argument is that . . . is based on ineffective assistance of counsel, right? Yes, Your Honor, it is. So your argument is that Salcedo's lawyer should have told him that if he comes in and immediately says he wishes to enter a plea of guilty, that he might have . . . that he would have been able to do that. The government would not have filed the 851 and he would have been better off. Is that your argument? Yes, Your Honor, that is my position and the failure to do that by counsel . . . To tell him to do that. So your argument really depends on saying that the government would not have filed the 851. His lawyer knew that the government would not file an 851. There would not be an opportunity and that he could just gotcha prevent this from happening. Is that where we are? Yes, Your Honor. My argument is that there's a reasonable probability that the government would not have filed those motions in accordance to what was said at the 2255 hearing. That's my argument. So just to be clear, your position is legally the government would have been permitted to file, but that factually the government would not have based on the testimony? My position is that the government should not be permitted to file. My position is that the government should not be allowed to file a motion if the prosecutor, if Mr. Salcedo or the defendant had walked into court and said, I intended to plead guilty. It seems to me your argument has to be that because otherwise the counsel wouldn't have any idea. It wouldn't be an ineffective assistance of counsel not to have him plead right there. That is what my argument is. And that is because 851 is a strict statute that leads to increased sentences and in some situations a life sentence. So the government should be held to a higher standard. So your argument has to be that the government could not as a matter of law have filed this superseding charges? Yes, Your Honor. That is my argument. But if you're wrong on that, I take it your argument is you could still win on the facts. My argument, yes, Your Honor. My argument is that we could still win on the facts and that that 11B, that the argument that I put in the brief with 11B and 11C creates a situation where the government would have been stopped from submitting the 851 motion. Counsel, just to be clear, does a mere offer to enter a plea constitute an entry of plea under 851? No, Your Honor, it does not. So what I'm saying, what our argument is that if Mr. Salcedo had walked in and said, I plead guilty, I plead guilty right now, then that is the thing and the court engages in that Rule 11 hearing, then that is what creates a situation where the government is stopped. Thank you. I have another question. This would go to the prejudice prong of Strickland. And if, according to the testament, there's no reasonable probability that he would have taken a deal, he wanted to roll the dice, he wanted to go to trial, then where is the prejudice? Your Honor, our position is that Mr. Salcedo indicated that he wanted that, indicated those things with regards to the 851. There was no finding by the court that Mr. Salcedo would have gone to trial if there was no 851 that was filed. And that's where the prejudice is. Now we're back to that if he had pled immediately, they couldn't have filed the 851. Yes, Your Honor. And if you're wrong on that, then what happens? He loses his immunity. That could be. Okay, thank you. Thank you. Thank you. Again, aloha, good morning. Chris Allen, Komomo Thomas for the United States. First of all, I think I need to thank the court for its recent order and citing the four cases. I believe that the four cases cited by the court really covers the legal issues in this case and the different permutations that could have occurred in terms of the entry of a plea and the filing of 851. I think it's important that findings by the court be established because there are arguments by defense counsel that is not what the court record shows. As an example, the court held that defendant had not met its burden of showing that there less than two convictions. That's found that the supplemental excerpts of record 260 and 261. Now, in addition, the court made a series of findings in terms of that issue of whether the prosecutor would have filed an 851. I think important to know that this was ongoing for reason why the prosecutor held out and not filing the the special information is because it did it, it withheld the filing for the benefit of the defendant, because they were trying to encourage the defendant to cooperate with the government and thus get a lower sentence. So this was an ongoing discussion between both defense counsel that represented the defendant. They had an ongoing discussion of his two prior convictions. It was a known fact. It was discussed between them. And the position of the trial counsel was very clear. We want cooperation. They wanted to know who the supplier of the defendant was for those narcotics that were seized. That was their primary... Talking about government trial counsel. Exactly. That was their primary objective. Well, counsel, given the tentativeness of Ms. Samashima's testimony, isn't it true there is at least a reasonable probability that she would not have filed the information at all? Well, Your Honor, I would point the court to the supplemental excerpt of record pages 180 to 181, because what was set forth in the opening brief of the defendant is very misleading, because it was only studied a portion of her testimony. In the answering brief, we cite the full testimony given by Ms. Samashima. And the last portion of her testimony, the court wanted to know. At that point in time, I'm trying to get what your view was. Ms. Samashima said, I would have filed the special information. The court, you would have filed it? The witness, yes. That was at the time that she represented the government during the trial. At that time, her testimony about whether or not she was... She was testifying that that was her hindsight. But when the court got down to it and held her to what she was thinking at the time, Ms. Samashima was very clear. Yes, I would file special information. And let's be clear about this. Special information, this is not an opening brief of 30 pages. A special information is two pages at the most. All it does is set forth the conviction and cite 21 U.S.C.A. 51. You can generate that document in five minutes. If we had a hearing where the defendant somehow surprised the government and the court that he wanted to plead, it's a simple phone call. Please, can you bring the special information? And we know by case law... I'm sorry. We're sort of in this odd situation of looking backward on double hypotheticals, right? But we all know that, which I started out with, let's be practical about how do these things happen. He can't just plead guilty in the abstract. You've got to show up in court and you've got to have a rule 11 colloquy and all that. So the question would be, if he shows up and then his counsel says, and now he wants to enter a plea, then I think if the government physician is at that point, they would have either asked for a recess to file this, or let me ask you, what do you think is the end point at which the government could file an A-51 information once the defendant says they want to plead? Well, Your Honor, as alluded to by Mr. Gordon, the rule 11 is very important because it has to be a knowing colloquy between the court and the defendant. Now, in the Kent case, or actually Pritchett case, they were allowed to file the special information after the hearing even. And the reason why they were able to do that is because the defendant had prior notice of the prior convictions, and the prior conviction was also spelled out in his plea agreement. And so because of that, the defendant was not only on notice, but they discussed it during the rule 11 colloquy. So here, now we have to take you out of the other cases and put you in this case where certain things never happened, but we're looking hypothetically. So how do you analyze that under the Strickland prongs? Well, Your Honor, under the Strickland prong, the government's position, and it has been the government's position from the beginning when we had this 2255 hearing is the defendant cannot prove prejudice. This whole case is based on speculation. This whole case is based on what could have happened, what may have happened, but if we look at the findings that the judge made in this case, it really was a factual improbability because of the findings that the court made, the court, first of all, dispelled defendant's primary allegation in the 2255 and held that the defendant was aware that he had a right to plead with no plea agreement and with no cooperation. The court held and found that the defendant was not willing to do more than 20 years of confinement. The court found that just based on his guidelines to take into account the amount of the drugs and giving him a credit for acceptance of responsibility and the calculation of the 365 months. So we have this permutations by the defendant. He would have rushed in there. Oh, this could have happened. Mrs. Samashima would not have done this. We don't even get to that question because the defendant made it very clear and the court made explicit findings that the defendant would not have even done that because he would have subjected himself to 292 to 360 months of confinement. He wasn't willing to even do that. Well, when I asked counsel about roll the dice testimony that was in the record, he discounted that because he said that's really unhinged from the possibility of the Section 851 informations. What is your response to that? Well, from my perspective, the defendant is also of that opinion because the defendant's counsel believes that the defendant was not made aware of his right to plead with no plea agreement, which the court, in contradiction to that allegation, made a finding that yes, he was aware that he had the right to plead without a plea. Okay. We've had so much speculation that now I've lost what actually happened. Under the original charge, he was subject to what kind of imprisonment? Just based on the drugs alone? Yeah. His sentencing guidelines, and this was a finding, he was subject to 292 to 365 months of confinement. Okay. And when was the 851 filed? Your Honor, the 851 was filed, I believe, on July 10th, which was three days prior to trial. Okay. And that raised the level to life, and he got life. Okay. So if there's nothing further, the government believes that this narrow issue on the Certificate of Appealability is decided in favor of the government based on the case law that the court has brought to the government's attention. Yeah. So you're saying that the district court effectively found that he would not have pled to the 292 to 365? It was an express finding. It was an oral ruling, and it was supported by his written order referring to his oral ruling. Okay. Thank you. Thank you very much. We used up a lot of your time for questions, so I'll give you a minute for rebuttal if you can put that on the clock, please, Ms. Morris. Thank you, Judge. Your Honor, with regards to the cases that were submitted to us last week, I looked over those cases that were not quite applicable to this situation, and they were distinguishable. Pritchett and DeFalco were distinguishable because they involved a plea agreement, and they involved situations where the plea agreement had information in it about the person's priors and about the person's increased sentence. So I found those to be distinguishable. Kent, I found to be distinguishable because, or it's our position that it's distinguishable because it's a situation where the person submitted a thing right then, submitted an AB51 motion right then, and that's also not what we have here in this situation. Now, with regards to the findings by what Ms. AUSA Samashima said or did not say, the court indicated about five pages from the end of the evidentiary hearing transcript in the court's findings, reading starting on page, on line 24 and going to the next page. And without it, something was going to be filed. What page are you looking at? I don't have it in the... All right, that's fine. We can find it. It's in the supplemental excerpts, I think. Well, what is your response to the government's point that the district court found that even if his counsel had told him that you could plead now, even assuming he could have pled then and gotten a sentence of 292 to 365, and even if his counsel told him if he could plead now, you could avoid a life sentence, that he wouldn't have done it? Your Honor, it's our position that Mr. Salcedo testified in court that he would have done that. And it's our position that Mr. Salcedo submitted an affidavit or a declaration indicating that he would have done that. It's our position that Mr. Salcedo knew that he would have been able to reduce his sentence by pleading before that. And the district court had to accept that? That's what our position is. And it came to our credibility, the determination with regards to that. And I'd ask that the court look at that from our perspective. Thank you, Judge. Thank both counsel for your arguments. Again, an interesting and unresolved issue. United States v. Salcedo is submitted, and we're adjourned for the morning. Thank you.
judges: Schroeder, D.W. Nelson, McKeown